HUGH SPANGLER, Appellant, v. THE RIDGELEY PROTECTIVE ASSOCIATION, Respondent.

**Kansas City Court of Appeals, May 19, 1913.**

1. INSURANCE: Nonresident Company: Jurisdiction of Justice of the Peace: Time in Which to Perfect Appeal. The statute authorizing summons from a justice court to be served on the Superintendent of Insurance in a suit against a foreign insurance company authorized to do business in this state merely confers jurisdiction on the justice in such case when fifteen days' service in that manner has been obtained, and the effect of such jurisdiction should not be stretched or extended by judicial construction beyond the plain intendment of the statute.

2. ———: ———: ———: Distinction Between Statute Authorizing Service on Agent of Railroad in County and on Insurance Company. There is a distinction between the method of service on a railroad and a foreign insurance company. Sec. 1754, R. S. Mo. 1909, authorizing the former, on its face recognizes that the corporeal entity of the railroad is actually present in the county where its line runs and in which it keeps an agent for the transaction of its customary corporate business. But Sec. 7042, providing the method of service on insurance companies who have no agents in the county, does not consider the insurance company a resident since it provides for service outside the county and allows a longer time than that accorded to other residents. Hence, a foreign insurance company, having no office or place of business or local agent in the county where suit is brought on which service can be had, has twenty days in which to appeal the same as other nonresidents have.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burns*, Judge.

AFFIRMED.

*R. H. Musser* for appellant.

(1) The justice of the peace had jurisdiction of the action and the subject-matter thereof (Sec. 7398 and 7399 R. S. 1909) and an appeal therefrom complies

with the provisions of Section 7568 R. S. 1909. The defendant being a resident of every county within the State under the provisions of the general laws, must comply with all incidents for appeal that residents are required to do. Curfman v. Fidelity & Deposit Co., 152 S. W., l. c. 127; Meyer v. Insurance Co., 184 Mo. l. c. 486; State ex rel. v. Grimm, 239 Mo. l. c. 167-168; Young v. Niles-Scott Co., 122 App. l. c. 402. (2) Section 7042 R. S. 1909, requires the appointment of the insurance commissioner as the person upon whom service may be had, and leaves the place of instituting suits to be determined by general laws. This is the power the State can exercise and impose on insurance companies doing business in a State. Stone v. Ins. Co., 78 Mo. 655; Sec. 7043 R. S. 1909; State ex rel. v. Standard Oil Co., 218 Mo. l. c. 377; Railroad v. Leonard, 147 U. S. l. c. 609-610; Doster v. Harrington, 196 U. S. 586; Hooper v. California, 155 U. S. 648-654; Orient Insurance Co. v. Daggs, 172 U. S. 566; Crutcher v. Ky., 141 U. S. 59; Paul v. Virginia, 3 Wall. 594. (3) Corporations may have a special constructive residence in more places than one so as to be subjected to the local jurisdiction where its officers or agents are actually present in the exercise of its franchise and carrying on its business. Its place of residence is wherever its business is done, where its franchises are exercised, and under this existence it is considered an inhabitant where the general spirit and purpose of the law require it. Bristol v. Railroad, 15 Ill. 436; Baldwin v. Railroad, 5 Iowa, 518; Cutsinger v. Railroad, 82 Mo. 66-67; Young v. Niles, 122 Mo. App. 402; Meyer v. Ins. Co., 184 Mo. 486; Slavin v. Railroad, 51 Mo. 310; Harding v. Railroad, 80 Mo. 661; St. Louis v. Ferry Co., 40 Mo. 587-588. (4) The circuit court was without jurisdiction. Petz v. Hoffman, 149 Mo. App. 153; Kern v. O'Halleran, 124 Mo. App. 579; Sidewell v. Jeff, 213 Mo. 609-610; Robinson v. Walker, 45 Mo. 120; St. Louis v. Gunning, 138 Mo. 355.

*Frost & Frost* for respondent.

Section 7568, R. S. 1909, controls the granting of appeals from justice's courts. The language of this section is clear and says, "but if a non-resident of the county where the suit shall be instituted, the party shall in all cases of appeal allowed by this article, have twenty days to make such appeal." Now then, there was a reason and purpose in granting an extension of time to non-residents which is apparent, in order to grant them sufficient time to perfect an appeal. Slavens v. Railroad, 51 Mo. 309; Cruitsinger v. Railroad, 82 Mo. 64; Fitzmaurice v. Turney, 214 Mo. 626; Julian v. Kansas City Star, 209 Mo. 100.

TRIMBLE, J.—The respondent is a foreign insurance company authorized to do business in this State, and has duly authorized the Superintendent of Insurance to accept service for it in any suit against it in this commonwealth. It had no local agent in Clinton county or elsewhere upon whom service could be obtained.

Appellant brought suit on one of its policies before a justice of the peace in Clinton county and service was had upon the Superintendent of Insurance at Jefferson City in Cole county. On June 8th judgment was rendered by the justice against the respondent, and on June 24, sixteen days later, the respondent filed its affidavit and bond for appeal to the circuit court which was allowed and proper notice thereof given to appellant.

In the circuit court the appellant filed a motion to dismiss the appeal because it had not been taken within the ten days allowed a resident defendant in which to appeal. The respondent contended that as the appeal had been taken within the twenty days allowed non-residents, the motion should be overruled. The trial court took this view and overruled plaintiff's motion to dismiss. Whereupon, plaintiff refusing to

172 Mo. App.—17

proceed further, the court dismissed the case and plaintiff appealed.

Section 7568 R. S. Mo. 1909, provides that if the appealing party be a non-resident of the county where the suit shall be instituted, the party shall in all cases of appeal allowed by this article, have twenty days to make such appeal.''

By section 7042 R. S. Mo. 1909 it is provided that ''. . . in case such process is issued by a justice of the peace or other inferior court, the same may be directed to and served by any officer authorized to serve process in the city or county where said superintendent shall have his office at least fifteen days before the return day thereof, and such service shall confer jurisdiction.''

It is contended by appellant that this section makes every foreign insurance company in the State a resident of every county in the State. And that since by this statute it is a resident of each county, it must perfect its appeal within the ten days allowed other residents. But it will be noticed that it does not say a foreign company shall be deemed a resident of the county, but only that service on the superintendent shall confer jurisdiction. The company is not regarded as a resident since only ten days service is required on other residents while fifteen days is required on the company. Said section 7042 relates not to residence but solely to service of summons and jurisdiction. This jurisdiction comes by reason of the foreign company having voluntarily submitted to it by filing the power of attorney with the superintendent. This power of attorney does not authorize the superintendent to do anything to bind the company beyond the mere receipt of service. And the liability of the company or the restrictions and limitations on the company by reason of such statute and power of attorney cannot be stretched or extended beyond the terms of the statute.

The decisions holding that railroad companies organized in another State are residents of every county through which they run and in which they have an agent upon whom process can be served, and must, therefore, appeal within ten days, are not strictly applicable to the situation here, since the railroad statute recognizes that the corporeal entity of the railroad is actually present and therefore can be said to reside in each county in which it has or usually keeps an office or agent for the transaction of its usual and customary business. Sec. 1754 R. S. Mo. 1909. And the reasoning of all the cases holding that railroads are residents of all such counties is based on the fact that its residence is not in one place only but is wherever "its officers and agencies are actually present in the exercise of its franchises and in carrying on its business, and depends on the official exhibition of legal and local existence." Slavens v. Railroad, 51 Mo. 308, 1. c. 309. In other words, the presence in the county of the railroad's visible tangible form, with its officers and agents exercising official rights and duties and carrying on the corporate enterprise, gives the railroad *a local situs and residence* the same as an actual resident of the county. And all the decisions since the Slavens case base their holding on the same reasoning. This would not appear to be necessary if the bare force of the statute conferring jurisdiction to sue were all that was necessary to make them residents.

We have been unable to find any case holding that a company, having no agent in the county, is deemed a resident of such county to the extent of being required to appeal in ten days, although, by force of Sec. 7042, jurisdiction to sue in such county is given upon service of summons on the Superintendent of Insurance. Nor have counsel cited to us any. The nearest case to it is that of Young v. Niles-Scott Co., 122 Mo. App. 392. But in that case the defendant, although a non-resident, had an agent in the county engaged in

carrying on the corporate functions and enterprise and in charge of the manufacturing plant of defendant located in the county where suit was brought, and service was had upon such agent. And it is upon this fact that the court based its holding that the defendant was a resident of said county and must appeal in ten days like other residents. But the statute, in the case at bar, on its face does not consider foreign insurance companies as residents of the county when authorized to do business in the State, since the time in which the writ may be made returnable is beyond that required for residents. It is true a number of cases are cited in which it is said that a foreign insurance company, by obtaining authority to do business in the State, makes itself a resident of every county in the State, but they are all cases dealing with the question of jurisdiction or the right of the plaintiff to sue and the trial court to proceed in the particular county. In the case of Curfman v. Fidelity & Deposit Co., 152 S. W. 126, the question was one of jurisdiction only, that is, the right of plaintiff to bring the suit, and of the trial court to proceed, in Nodaway county. And ELLISON, J., in that case, in very careful and precise terms, said that *"for the purpose of venue* in civil actions" the defendant was a resident of Nodaway county; and that the suit had been properly brought against the Surety company, *"as though such Surety company was a resident of Nodaway county."* In other words, the defendant by virtue of the statute and the power of attorney filed with the Superintendent of Insurance, became a resident of the county *for the purpose of venue only,* the sole object the statute had in view. The sole purpose of filing the power of attorney is to show the consent of the company to be subject to such venue and jurisdiction conferred by the statute. This being the case, the liability and restrictions thrown about the company should not be stretched or extended

by judicial construction beyond the plain and neces-sary intendment of the statute. Under such construc-tion Section 7042 fully brings its benefits to claimants against insurance companies, and at the same time is not unfair to non-resident litigants by taking away their right to twenty days in which to file appeal as granted to them under Section 7568, R. S. Mo. 1909. The judgment is affirmed. All concur.