JAMES HARRINGTON, Respondent, v. THE NATION-AL LIFE & ACCIDENT COMPANY OF NASH-VILLE, TENNESSEE, Appellant.

St. Louis Court of Appeals. Opinion Filed June 8, 1920.

1. **JUSTICE OF THE PEACE:** Appeals: Foreign Insurance Companies: Time in Which to Perfect Appeal. A foreign insurance company, though regarded as a resident of every county within the State, within the contemplation of the statute relating to the service of summons (Revised Statutes 1909, section 7042) or for the purpose of venue in civil actions, is not to be regarded as a resident of a county in this State where it has no office or other place of business and no agent for the transaction of its business, within the meaning of Revised Statutes 1909, section 7568, providing that an appeal from a justice court must be taken within ten days by residents and twenty days by nonresidents; but, if it has a resident agent or office in the county, the appeal must be taken within ten days after the judgment was rendered.

Harrington v. Nat. Life & Acc. Co.

2. ———: ———: ———: Maintaining Office or Agent in County: Resident for Purposes of Appeal. On motion to dismiss an appeal taken by a foreign insurance company from a judgment rendered against it by a justice of the peace, because not taken until fifteen days after the judgment was rendered against it by the justice in the city of St. Louis, the trial court did not err in holding that defendant was a resident of the city of St. Louis within the meaning of section 7568, Revised Statutes 1909, and that consequently it was required to take its appeal from the judgment of the justice of the peace within ten days after the rendition thereof, where the person who filed an affidavit for the insurance company stated that it was a nonresident of the city of St. Louis, giving his address in the affidavit for appeal as residing in St. Louis, and stated also that he was agent and manager of the defendant company, and the appeal bond executed was executed in the name of the insurance company by such person, as agent and manager with an address in the city of St. Louis.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. William T. Jones,* Judge.

AFFIRMED.

*B. E. Hamilton,* for appellant.

(1) Plaintiff's motion to dismiss defendant's appeal should have been overruled. Hugh Spangler v. The Ridgeley Protective Association, 172 Mo. App. 255; Donahue v. Southwestern Surety Company, 202 Southwestern p. 272. (2) The defendant had twenty days within which to appeal from the decision of the justice. Hugh Spangler v. The Ridgeley Protective Association, 172 Mo. App. 255; Donahue v. Southwestern Surety Company, 202 Southwestern, p. 272. (3) Service can only be obtained on a non-resident insurance company by serving the State Insurance Commissioner at Jefferson City. Section 7042, R. S. 1909; Baile v. Equitable Fire Insurance Company, 68 Mo. 617; State ex rel. Grimm, 239 Mo. 135-166.

*Arthur Stahl* for respondent.

(1) Said W. D. Moore, Justice of the Peace of the City of St. Louis, on the 6th day of July, 1916, lost all jurisdiction over said judgment except issuing an execution, as the ten full days for such appeal had expired on said 6th day of July, 1916. Sec. 7568, R. S. 1909; Sec. 375, Sears on Missouri Corporation; Rogers v. Nat. Council Junior, 172 Mo. App. 719; Meyer v. Insurance Company, 184 Mo. 481; Young v. Niles Scott Co., 122 Mo. App. 392; Spangler v. Protective Assn., 172 Mo. App. 255. (2) Defendant is a foreign corporation, duly licensed to do business in the State of Missouri, maintained and operated offices, agents and owning physical property in the City of St. Louis, Missouri, and was, on the 26th day of June, 1916, and on July 6, 1916, a resident of the City of St. Louis, Missouri. Sec. 7568, R. S. 1909; Sec. 375, Sears on Missouri Corporation; Rogers v. Nat. Council Junior, 172 Mo. App. 719; Meyer v. Insurance Co., 184 Mo. 481; Young v. Niles Scott Co., 122 Mo. App. 392; Spangler v. Protective Assn., 172 Mo. App. 255. Defendant was duly served by the Sheriff of Cole County upon the State Insurance Commissioner and process was duly had.

ALLEN, J.—This action was begun before a justice of the peace upon a policy of insurance alleged to have been issued by the defendant. Defendant is a foreign insurance company doing business in this State; and service of summons was had upon the insurance commissioner pursuant to Section 7042, Revised Statutes 1909. Defendant defaulted, and on June 26, 1916, judgment was rendered against it by the justice of the peace in the sum of $254.50. Fifteen days after the rendition of said judgment, the defendant filed its affidavit for appeal and appeal bond, and was allowed an appeal to the circuit court. After the cause reached the circuit court plaintiff filed a motion to dismiss the appeal upon the ground that

it had not been timely taken. The court sustained this motion and dismissed the appeal; and the defendant appealed to this court.

The only question involved in the appeal is whether or not the defendant was required to appeal from the judgment of the justice of the peace within ten days after the rendition thereof, or had twenty days to take such appeal. The statute involved, viz., Section 7568, Revised Statutes 1909, provides as follows:

"The appeal must be made within ten days after the judgment was rendered, but if a nonresident of the county where the suit shall be instituted, the party shall, in all cases of appeal allowed by this article, have twenty days to make such appeal."

The defendant, appellant here, contends that it is a nonresident of the county, within the meaning of said section, and that therefore its appeal, taken less than twenty days after the rendition of the judgment, was timely. Touching this matter we may say that it is now settled that a foreign insurance company, though regarded as a resident of every county within the state "within the contemplation of the statute relating to the service of summons" (Section 7092, supra), or "for the purpose of venue in civil actions," is not to be regarded as a resident of a county in this State wherein it has no office or other place of business, and no agent for the transaction of its business, within the meaning of Section 7568, supra. (See Donohue v. Southwestern Surety Ins. Co., 202 S. W. 272, Id. 219 S. W. 930.) This court held to the contrary in Rodgers v. Insurance Co., 172 Mo. App. 719, 155 S. W. 874; but we were in error in so holding. That ruling was in conflict with the ruling of the Kansas City Court of Appeals in Spangler v. Protective Ass'n, 172 Mo. App. 255, 157 S. W. 667. In the later Donohue case, cited above, the Kansas City Court of Appeals adhered to its ruling in the Spangler case, supra, and certified the case to the Supreme Court where the opinion of the Kansas City Court of Appeals was approved and adopted. (See Donohue v. Insurance

Co., 219 S. W. 930.) Consequently the Rodgers case, on this point, should no longer be followed.

It follows that if a foreign insurance company has no agent or office, or other place of business, in the county in which a judgment of a justice of the peace is rendered against it, such company has twenty days in which to appeal from such judgment. But if the foreign insurance company has an agent, office or other place of business within such county, it is to be regarded as a resident of the county, within the meaning of Section 7568, supra, and consequently has but ten days within which to take its appeal. (See Donohue v. Insurance Co., supra; Spangler v. Protective Ass'n, supra.) Therefore, in the case before us, whether defendant's appeal from the judgment of the justice of the peace was timely taken depends upon whether or not defendant, at the time involved, had an office or other place of business, or an agent for the transaction of its business, in the City of St. Louis. There is no testimony in the record touching this matter. In plaintiff's motion to dismiss the appeal it was alleged that the defendant then maintained an office in the Y. M. C. A. building in the City of St. Louis; but the record merely recites that this motion was submitted and was sustained. It does not appear that any testimony was taken at the hearing upon the motion. However, the record shows that the affidavit for appeal filed by defendant before the justice of the peace was signed and sworn to by one George D. Wright, who gave his address as "2355 S. 39th, St. Louis, Mo." And in this affidavit Wright stated that he was agent and manager of the defendant company. It is true that the affidavit states that the defendant is a nonresident of the City of St. Louis; but under the circumstances this must be regarded as a conclusion on the part of the affiant. Wright likewise executed an appeal bond, upon said appeal from the justice of the peace to the circuit court, executing the same in the name of the defendant insurance company "by Geo. D. Wright, agent and manager, address 2355 S. 39th street."

While from this record it cannot perhaps be judicially found that defendant had, at the time, an office in the City of St. Louis, it does appear that the defendant had, at least, a resident agent in that city for the transaction of its business. And this being true, the trial court did not err in holding that defendant was a resident of the City of St. Louis, within the meaning of Section 7568, supra, and that consequently it was required to take its appeal from the judgment of the justice of the peace within ten days after the rendition thereof.

It follows that the order below dismissing defendant's appeal should be affirmed, and it is so ordered. *Reynolds, P. J.*, and *Becker, J.*, concur.