STATE OF MISSOURI, EX REL., MARY STRATTON AND LEONARD JACKS, RELATORS, v. FRED M. MAUGHMER, JUDGE, ET AL., RESPONDENTS.— 214 S. W. 2d 754.

Kansas City Court of Appeals.   Opinion delivered November 8, 1948.

Wilson D. Hill and Harry A. Hall for relators.

W. A. Franken and Lawson, Hale & Coleberd for respondents.

DEW, J.—This is an original action to prohibit respondent judge from proceeding in a suit to enjoin relators from interfering with a certain levee construction by a drainage district on certain lands, which construction the respondents claim has been adjudicated in a prior condemnation suit still pending, and further to prohibit the District from taking such possession and proceeding with said construction. Our preliminary writ was issued.

From the pleadings we gather the following facts:

The Norborne Land Drainage District Company of Carroll County, Missouri, a corporation (hereinafter called the District), was organized in the Circuit Court of Carroll County in 1917, under what is now Article 1, Chapter 79, R. S. Mo., 1939. Part of the west boundary of the Drainage District then established was the east boundary of the lands in Ray County described in relators' petition herein. Some time thereafter the Plan of Reclamation was changed and a levee was completed thereunder, part of which ran along a road which was the east boundary of the lands described in relators' petition herein, 30 feet of which was outside of the district line and abutted relators' said lands. On account of alleged change in flood conditions the District later determined to raise and widen that part of the levee along said road, necessitating the taking of a strip of the relators' said lands. Authority to change the plan for this purpose was denied the District in 1945 by the Carroll County Circuit Court. The change was, nevertheless, undertaken by an independent condemnation suit

in Ray County, and relators contend that the change is in fact not a modification of the original plan, but actually a new levee partly on lands of the relators outside the district, and would be dangerous to the community, and is unauthorized.

The District, on October 15, 1947, filed an independent condemnation suit in the Circuit Court of Ray County to condemn the strip of relators' said lands for the alleged purpose of raising and widening the levee. Due notice was given under the statutes of the proceeding and date when the appointment of commissioners would be applied for. On that date the relators appeared and filed a motion to dismiss the proceeding as void and unauthorized for the reasons above stated. The court indicated its intention of overruling the motion, but withheld its ruling until relators could apply to the Supreme Court for prohibition. Upon such application the Supreme Court, on or about January 30, 1948, denied the application for prohibition without opinion. Thereafter on February 5, 1948, the court appointed commissioners in the condemnation suit, who, on February 17, 1948, filed their report, fixing the damages to relators at the aggregate sum of $5,325. Prior to April 1, 1948, the District paid this sum to the clerk of the Circuit Court of Ray County. On February 23, 1948, relators filed their answers to the petition for condemnation, setting forth the contentions aforesaid. They also asked therein for an injunction to prevent the District from taking possession. Upon application of the District, a change of venue was granted to the Circuit Court of Clay County, Missouri, where the condemnation suit is still pending.

Thereupon the District, through its agents and servants, undertook to enter upon and begin construction on said lands and was met with threats of violence on the part of the relators, who denied the right of the District to go on the property or to begin construction.

On May 4, 1948, the District filed suit for injunction in the Circuit Court of Ray County, Missouri, to enjoin relators from obstructing or interfering with the construction and maintenance of the levee on said lands by the District. That court issued its restraining order to that effect, whereupon relators made the present application in this court for prohibition, as stated.

Relators' single point of contention is that respondent judge was without jurisdiction in the injunction suit "since the entire cause of action was vested in the pending condemnation suit which had been filed first".

In this connection they assert that two suits are now pending between the same parties, involving the same issues, to-wit, the condemnation suit filed first and still pending, wherein relators have put in issue the right of the District to condemn the lands in question for the purposes pleaded, and the subsequent injunction suit to prevent relators from interfering with the use and possession of relators' lands by the District. They refer to the general law on such con-

flicts and quote from State ex rel.   Fromme v. Harris, 194 S. W. 2d 932, as follows:

"It is well settled that, where two actions involving the same subject are brought between the same parties to test the same right in different courts having concurrent jurisdiction thereof, the first court acquiring jurisdiction, if its power is adequate to the administration of complete justice, retains jurisdiction and may dispose of the whole controversy without the interference of any other court or courts of coordinate power".

They also cite to the same effect Finley v. Smith, 178 S. W. 2d 326, and State ex rel. Nicholson v. McLaughlin, 170 S. W. 2d 705.

Respondents contend that (1) upon the payment of damages assessed by the commissioners, the District was entitled to possession and to proceed with the construction of the levee; (2) that the injunction was properly brought in Ray County since the lands involved and all of the defendants except one resided in Ray County; (3) that the title to the said lands had already vested in the District; (4) that the two suits are different in their causes of action and in remedies sought; (5) that no adequate relief against threats, violence, and intimidation by relators could be obtained in the condemnation suit; (6) that payment of the assessed damages was equivalent to a judgment of possession and in such cases injunction will lie; (7) that the District is a public corporation entitled to protection by injunction; (8) the rule requiring a judgment of a court of law before equity will act is inapplicable since the material facts of the condemnation are undisputed; (9) the relators would not be entitled to a trial by jury since no jury question could arise relating to a title; (10) granting of the writ of prohibition is discretionary and may be refused where the public and private interests of persons not parties may be affected.

It is necessary at the outset to ascertain the status of the condemnation suit and the parties thereto at the time the later injunction suit was filed.   There is no dispute of the fact that as far as procedure is concerned, the condemnation suit had been filed, due notice had been given, and that the parties thereto were all in court.   Defendants (relators herein) filed a motion to dismiss the condemnation proceeding on the ground that the authorized Plan of Reclamation did not permit of the proposed plan of construction, and that such had been adjudicated in a previous proceeding in Carroll County to amend the Plan.   The court overruled the motion and prohibition was unsuccessfully sought in the Supreme Court.   Thereupon the trial court appointed commissioners to view the lands and assess the values.   A week after the report of the commissioners was filed, relators filed answers to the petition for condemnation, setting forth the alleged invalidity of the proposed construction and asking injunctive relief.

The District paid the proper clerk the assessed damages to relators' lands.

The District asserts that at this point the title to the lands in question became vested in it, together with the immediate right of possession for construction of the levee. Article 1, Chapter 79, R. S. Mo., 1939, sets forth the legal steps required for the organization of the District, the Plan of Reclamation, fixing of the district area, appointment of commissioners for appraisal of the lands to be acquired, assessment of the damages and benefits and the statement of the purposes for which said lands may be acquired, provisions for filing exceptions to the report of the commissioners, and for the determination thereof. According to the pleadings before us, all of this was done following the organization of the District, Section 12349, in the last sentence thereof, provides that the Board of Supervisors "shall also have the right to condemn for the use of the district, any land or property within or without said district not acquired or condemned by the court on the report of the commissioners assessing benefits and damages and shall follow the procedure that is now provided by law for the appropriation of land or other property taken for telegraph, telephone and railroad rights of way". This would seem to characterize the condemnation suit here complained of as an independent action for condemnation. Therefore, it is necessary to refer to Chapter 8, Article 2 on condemnation proceedings by telegraph, telephone and railroad corporations to appropriate lands for rights of way. Section 1506 thereof, as amended (Laws of Mo., 1945, p. 646), provides that upon the filing of such a petition the court, upon being satisfied that due notice of the pendency of the petition has been given, shall appoint commissioners to assess the damages, report same to the court, whereupon the condemnor shall pay said assessment and upon paying the same "it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid". No formal judgment of condemnation seems to be required. Notwithstanding exceptions to the report the condemnor may proceed with the erection or construction, "and any subsequent proceedings shall only affect the amount of compensation to be allowed". There is then nothing left in the condemnation suit to determine or to review, except the amount of the compensation. Section 1508, R. S. Mo., 1939. State ex rel. City of St. Louis v. Oakley, 188 S. W. 2d 820, 821; State ex rel. State Highway Commission of Missouri v. Day, 327 Mo. 122, 35 S. W. 2d 37, 38; State ex rel. Union Electric L. & P. Co. v. Bruce, 334 Mo. 312, 315, 66 S. W. 2d 847; City of Kirkwood v. Venable, 351 Mo. 460, 173 S. W. 2d 8, 11; Kansas & Texas Coal Ry. v. Northwestern Coal & Mining Co., 161 Mo. 288, 61 S. W. 684; State ex rel. City of St. Louis v. Sartorius, 102 S. W. 2d 890, 893; Thompson v. City of St. Louis, 253 S. W. 969, 972. In other words, the appointment of the commissioners was in effect a judgment of condemnation and a determina-

tion that the present taking was for proper public use, and upon payment of the assessed damages, determined title and also the claims of right of immediate possession pleaded in both the petition and answers. (Sec. 12353 R. S. Mo., 1939). The answers were not filed after the filing of the commissioners' report. Hence, after such payment, the right of immediate possession and title were no longer affected by the pendency of the remaining issues of the condemnation suit in the Circuit Court of Clay County. In fact, relators' petition in the Supreme Court for prohibition to stop further proceedings in the condemnation suit, attached herein as an exhibit, alleged that "Respondent has set January 15, 1948, as the date for the appointment of commissioners to assess the value of relators' land and upon the filing of their report under the law, said District can acquire title to relators' property upon payment into court of the amounts allowed by said commissioners, and take possession thereof immediately, thereby causing relators irrevocable damage, and they have no adequate remedy at law". Likewise in their suggestions in support of said application for prohibition to the Supreme Court relators asserted: "If commissioners are appointed and file their report, the District can take immediate title and possession of relators' land. An appeal would be of no avail. Sections 12353-60 expressly provide that an appeal would not act as a supersedeas. Thus prohibition is the only remedy the relators have to prevent this unlawful and unauthorized encroachment by the District".

With such an adjudicated title and right of immediate possession, the District could protect the same against all persons interfering therewith, including the relators. Certainly the remedy of an independent action for injunction against such interference would be available to the District if the defendants were *other* than relators, and the venue would properly be in Ray County, where the lands in question lie and where most of the defendants reside. Section 871, R. S. Mo., 1939. Was such an action there not available to the District against the relators also, even though they were defendants in the condemnation suit then pending wherein the right of possession of relators' lands was made an issue? Or must the District resort for protection against relators' interference to the court of another county, where the condemnation suit is still pending?

It is true that the judgment in the condemnation suit is not yet final. But certainly the right of the District to proceed with the construction is no longer an issue in that proceeding. As we have seen, the statutes do not withhold from the condemnor the right to proceed with the public work while the general issues are being litigated.

The Clay County Circuit Court may have had the authority to issue a writ of assistance (Sec. 2008, R. S. Mo., 1939), with the necessary hearing and other incidents thereof, or some proceeding at law may

have been available, but those remedies would not have been adequate to prevent the delay which the condemnation statutes are designed to prevent. And since the present right of the District to proceed with the construction was already adjudicated, and was no longer an issue pending, an independent action for injunction against relators was available to the District in Ray County where the lands are situate and where the defendants, or most of them, reside. This would not encroach upon the prior jurisdiction of the condemnation court, nor conflict therewith, but would be founded upon the issue already determined by that court, and consistent therewith. We believe our preliminary writ was improvidently granted. The same is hereby quashed and the writ denied. All concur.