THE STATE OF MISSOURI, at the Relation of PERRY O'KEEFE, Relator, v. HON. O. O. BROWN, Judge of the Circuit Court of Dade County, Missouri, Respondent, No. 42100—235 S. W. (2d) 304.

Court en Banc, January 8, 1951.

*Seiler, Blanchard & Van Fleet* for relator.

*John R. Caslavka* for respondent.

[305] HOLLINGSWORTH, J.—This is an original proceeding in prohibition. A provisional rule was issued to respondent, the Honorable O. O. Brown, Judge of the Circuit Court of Dade County, to prevent him from assuming jurisdiction over the person of relator, on the ground of improper venue, in the case hereinafter mentioned. The essential facts are either admitted in the return or agreed to in a stipulation filed herein.

Harvey G. Tucker was injured in Vernon County, in a three-car collision between his automobile, a passenger bus operated by Crown Coach Company, a corporation, and an automobile driven by relator. Relator is a resident of Gentry County. Tucker is a resident of Dallas County. Crown Coach Company is a Missouri corporation with its registered agent, registered office and principal place of business in Jasper County.

[306] Tucker brought suit in the Circuit Court of Dade County against Crown Coach Company and relator for $42,000 damages allegedly sustained as a result of the joint and concurring negligence of Crown Coach Company and relator. Summons was issued and

served on relator in Gentry County. Summons for Crown Coach Company was issued and directed to the sheriff of Cole County and by him served on the Secretary of the Public Service Commission, under the provisions of Section 5735, Mo. R. S. A., as amended, Laws 1943, p. 862.

Relator, by timely motion, challenged jurisdiction of the Circuit Court of Dade County over his person on the ground of improper venue, asserting that since there were two defendants venue was governed by Section 871, Mo. R. S. A., 1939, and that the action was not filed in the county where the plaintiff resided and where either defendant might be found, nor in the county where either defendant resided. The motion was overruled and relator brought prohibition on the same ground.

Crown Coach Company is a motor carrier engaged as a common carrier of persons under the provisions of Article 8, Chapter 35, Mo. R. S. A., relating to the transportation of persons and property by motor vehicle. Its registered office, registered agent and principal place of business are in Jasper County, Missouri. It operates motor bus lines in the counties of Jackson, Cass, Bates, Vernon, Barton, Jasper, Newton, McDonald, Dade, Greene, Henry, Benton, Hickory and Dallas.

It is stipulated that respondent will proceed to try the suit brought by Tucker against Crown Coach Company and relator, being case No. 9666 in the Circuit Court of Dade County, unless prohibited from so doing by this court.

Relator's contention is that Section 871, Mo. R. S. A., controls venue in this case. This contention is based upon the admitted fact that relator is a resident of Gentry County and the further contention that Crown Coach Company is a resident of Jasper County. The second clause of Section 871 provides: "Suits instituted by summons shall, except as otherwise provided by law, be brought: * * * when there are several defendants, and they reside in different counties, the suit may be brought in any such county; * * *."

A well considered opinion in the case of State ex rel. Columbia National Bank of Kansas City v. Davis, 314 Mo. 373, 284 S. W. 464, 470, holds: "Our conclusion, therefore, is that the second subdivision of section 1177 R. S. 1919 (871, Mo. R. S. A., 1939) fixes the venue of civil actions against corporations where they are joined as defendants with one or more other defendants, and that section 1180 (874, Mo. R. S. A.) fixes such venue only in actions where the corporation defendant is the sole defendant." To the same effect is the later case of State ex rel. Henning v. Williams, 345 Mo. 22, 131 S. W. 2d 561, 563 and 564.

The legal residence of Crown Coach Company is fixed by the location of its registered agent, registered office and principal office, which, according to the agreed statement of facts, is Jasper County.

Section 4997.10, Mo. R. S. A., (Laws 1943, p. 410, Sec. 10) specifically provides: "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." See also: St. Charles Sav. Bank v. Thompson & Gray Quarry Co., 210 S. W. 868, 871; State ex rel. Juvenile Shoe Corporation v. Miller, 217 Mo. App. 16, 272 S. W. 1066, 1067, et seq.; Bank of Malden v. Wayne Heading Co., 198 Mo. App. 601, 200 S. W. 693, 695; 18 C. J. S., Corporations, §§ 176 and 177. This rule applies with equal force to venue statutes. State ex rel. Columbia National Bank v. Davis, supra, l. c. 470; State ex rel. Henning v. Williams, supra, l. c. 563.

Respondent contends, however, that Section 5735 is a special venue statute and authorizes joinder of relator as a co-defendant in this case. This section, as amended, Laws 1943, p. 862, reads as follows: "Suit may be brought against any motor carrier or contract hauler, as defined [307] in Article 8, Chapter 35, Revised Statutes of Missouri, 1939, in any county where the cause of action may arise, in any town or county where the motor carrier or contract hauler operates, or judicial circuit where the cause of action accrued, or where the defendant maintains an office or agent and service may be had upon such motor carrier or contract hauler whether an individual person, firm, company, association, or corporation, by serving process upon the secretary of the public service commission. * * *" It is a permissive venue statute relating solely to suits brought against motor carriers and contract haulers, as they are defined in the aforesaid act. No contention is made that relator was either. It does not purport to authorize the joinder of relator as a co-defendant in the suit brought by Tucker. Neither does it require suits against motor carriers and contract haulers to be brought under its provisions. Its purpose is to widen the field of venue in suits against motor carriers and contract haulers, if a claimant elects to proceed under it. If, however, a claimant desires to include in such suit a defendant who is not a motor carrier or contract hauler, then he must proceed under the general venue statutes.

Respondent further contends that Section 847.16 (a), Mo. R. S. A., authorizes the inclusion of relator as a defendant with Crown Coach Company. This section is a part of the Civil Code of Missouri, enacted in 1943 [Laws 1943, pp. 353 et seq.]. It provides, in substance, that all persons may be joined in one action as defendants if there is asserted against them jointly or severally any right to relief arising out of the same transaction or occurrence. It is not a venue statute, nor does it by implication fix the venue in any action. It relates to procedure only. This contention is without merit.

Respondent finally contends that for the purpose of venue the residence of Crown Coach Company is in any county in which it operates, and that, therefore, joinder of relator with it as a co-

defendant was authorized. We do not follow his reasoning in this respect. He cites the following cases: City of St. Louis v. Wiggins Ferry Co., 40 Mo. 581 (360); Slavens v. South Pacific Railroad Co., 51 Mo. 308; Young v. Niles & Scott Co., 122 Mo. App. 392, 99 S. W. 517, 519; Spangler v. Ridgeley Protective Association, 172 Mo. App. 255, 157 S. W. 667; Rodgers v. National Council Junior Order, etc., 172 Mo. App. 719, 155 S. W. 874. None of them is controlling authority on the issue here involved. Presumably, it is his theory that the residence of a corporation is wherever it operates and has an office and agent. That, however, is not the law as it is declared by the statutory and case law of this State.

It is clear that Section 871, Mo. R. S. A., 1939, controls the venue of the suit brought by Tucker. Inasmuch as neither Crown Coach Company nor relator is a resident of Dade County, joinder of relator as a co-defendant in the suit filed by Tucker in the Circuit Court of that county was not authorized by law. Consequently, respondent has no jurisdiction over the person of relator.

In such a situation prohibition lies. Dahlberg v. Fisse, 328 Mo. 213, 40 S. W. 2d 606, 610; State ex rel. Columbia National Bank v. Davis, supra; State ex rel. St. Joseph Lead Co. v. Jones, 270 Mo. 230, 192 S. W. 980; State ex rel. Stratton v. Maughmer, 214 S. W. 2d 754; State ex rel. Rodgers v. White, 239 Mo. App. 838, 201 S. W. 2d 781.

Our provisional rule in prohibition is made absolute.· All concur.