THE STATE OF KANSAS v. S. S. BOGARDUS.

No. 12,397. (65 Pac. 251.)

SYLLABUS BY THE COURT.

1. HIGHWAYS.—*Railway Company a Resident of the County.*
In the application of the statutes relating to the establishment
and laying out of public highways, a railway company is to be
regarded as a resident of any county in which it operates its road
or exercises corporate franchises.

2. ———— *Notice is Jurisdictional.* The notice required to be
given to a landowner of the meeting of road-viewers, under sec-
tion 6019 of the General Statutes of 1901, is jurisdictional. (*The
State v. Farry*, 23 Kan. 731.)

Appeal from Coffey district court; W. A. RAN-
DOLPH, judge. Opinion filed June 8, 1901. Division
two. Reversed.

*S. D. Weaver*, county attorney, for The State.

*A. A. Hurd, W. Littlefield*, and *E. J. Crego*, for ap-
pellant.

The opinion of the court was delivered by

SMITH, J.: The appellant was convicted in the
court below of obstructing a public road. He was
section foreman of the Atchison, Topeka & Santa Fe
Railway Company, and closed up a highway estab-
lished by an order of the board of county commission-
ers over the tracks and right of way of the company.
Upon petition of twelve householders, the board of
county commissioners appointed three viewers, who
were notified by the county clerk to meet on the 8th
day of November, 1897. Among other things, they
were directed, as required by the statute, to "assess
and determine the compensation to be made to the
owners of the land across which the road is to be lo-

cated, and the damages sustained by any person or persons through whose premises the said road is proposed to be established," and to mǎke report in writing, etc. The viewers met in pursuance of the order of the board of county commissioners and the notice given them by the county clerk.

On the 6th day of January, 1898, being two months, less two days, after the viewers had met, the following notice was served on the agent of the railway company:

" *To the Kansas City, Ottawa & Emporia Railroad Co.:*

"Please take notice that the viewers appointed by the board of county commissioners of Coffey county, Kansas, to view and lay out a county road petitioned for by James Courtner and others (petition filed July 7, 1897), did meet on the 8th day of November, 1897, at beginning of said road, at which time and place all claims for damages must be presented. Said proposed county road lies partly on land owned by your company.                     JAMES COURTNER,

"Dated January 5, 1898.    *Principal Petitioner.*"

The company made no appearance before either the viewers or the board of county commissioners. The notice required by law is provided for in section 6019 of the General Statutes of 1901, wherein it is made the duty of at least one of the petitioners for the road to cause six days' notice to be given in writing to the owner or owners, or their agents, if residing in the county, through whose land said road is proposed to be laid out and established, and also six days' notice to the county surveyor, of the time and place of the meeting of the viewers. Since 1874 the notice required by said section has been jurisdictional. (*The State v. Farry*, 23 Kan. 731.)

The legality of the appellant's conviction, therefore, depends on whether the railway company, under the

highway laws of the state, is to be regarded as a resident of a county through which the railway runs and in which the highway is sought to be laid out and established.   If the railway company is to be regarded as a non-resident of such county, then no notice of the meeting of the viewers was required by law to be served on it.   We think it must be held, both on reason and authority, that the railway company, in the application of the law relating to the laying out of highways, is to be regarded as a resident of every county in the state through which its road runs.   In fact, the question has been decided by this court.   In *The State v. Horn*, 34 Kan. 556, 560, 9 Pac. 208, it was said:

"We might further say in this connection that the defendant's employer was a railroad company, chartered and organized under the laws of Kansas, and doing business and operating its railroad within the county in which this action was commenced, and was therefore a resident of such county, if a railroad company can ever be a resident of any place."

This railway company is incorporated under the laws of Kansas.   It has an agent in Coffey county, where this conviction was had, and owns property and transacts business there.   It cannot be said that its fixed place of abode is in Shawnee county, where the capital of the state is situated, and where its charter is filed and its principal office maintained.   This view is sustained by numerous authorities.   (*The New Albany &c. Railroad Co. v. Haskell*, 11 Ind. 301; *The People v. Fredericks*, 48 Barb. 173.)   In *Bristol v. The Chicago & Aurora Railroad Company*, 15 Ill. 436, 437, it was said:

"The residence of a corporation, if it can be said to have a residence, is necessarily where it exercises corporate functions.   It dwells in the place where its

business is done.  It is located where its franchises are exercised.  It is present where it is engaged in the prosecution of the corporate enterprise.  This corporation has a legal residence in any county in which it operates the road or exercises corporate powers and privileges.  In legal contemplation, it resides in the counties through which its road passes and in which it transacts its business.''

This doctrine is approved in *Baldwin et ux. v. The Mississippi & Missouri Railroad Company*, 5 Iowa, 518. (See, also, *East Tennessee V. & G. R. Co. v. Atlanta & F. R. Co.*, 49 Fed. 608 ; *Richardson & Co. v. The Burlington & Missouri River Railroad Co.*, 8 Iowa, 260 ; *Davis & Redding v. The Cent. R. R. & Bkg. Co.*, 17 Ga. 323.)  The railway company being, in contemplation of law, a resident of Coffey county, it follows that it was entitled to notice of the opening of the road and of the meeting of the viewers, the same as an individual resident of the county.

The judgment of the court below will be reversed and a new trial granted.

DOSTER, C. J., POLLOCK, J., concurring.