GEORGE E. KIMMERLE et al., *Appellees*, v. THE CITY OF TOPEKA et al., *Appellants.*

No. 18,357.

SYLLABUS BY THE COURT.

1. RESIDENCE—*Foreign Railroad Corporation—Street Improvements.* The rule that a railroad corporation is to be regarded as a resident of every county in which it operates its road or exercises its corporate franchises applies, in the interpretation of a statute, only in situations where such construction accomplishes the substantial purpose sought by the act involved.

2. ——— *Same.* Within the meaning of a statute which makes the improvement of a street depend upon the action of such of the owners of the abutting property as are residents of the city, a railroad corporation is not to be deemed a resident of any other city than that in which its chief offices and principal place of business are located.

3. ——— *Same.* A foreign railroad corporation whose principal offices are in another state can not be regarded, for the purpose of such statute, as a resident of a city in Kansas by virtue of the location there of offices from which are controlled the operations of the road throughout a district which includes

this state, notwithstanding it has been granted all the privileges conferred by the laws of Kansas upon domestic railroad corporations.

Appeal from Shawnee district court, division No. 2. Opinion filed December 7, 1912. Reversed.

*W. C. Ralston*, city attorney, and *James W. Clark*, assistant city attorney, for the appellants.

*T. M. Lillard*, of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: The city of Topeka appeals from a judgment enjoining it from enforcing an assessment levied to pay for improving a street. The question presented is whether the petition asking for the improvment bore the signatures of enough resident owners to confer jurisdiction upon the commissioners to order it. The statute involved reads:

"No resolution to pave, macadamize, or grade, or repave, remacadamize, or regrade, any street, lane or alley shall be valid unless a petition asking such improvement has been ordered spread upon the journal, which petition must be signed by the resident owners of not less than one-half of the feet fronting or abutting upon such street, lane or alley to be improved: . . . the feet fronting or abutting upon such street, lane or alley owned or held by persons not resident of said city shall not be taken into account in determining the sufficiency of any . . . such petition." (Gen. Stat. 1909, § 1009.)

The parties agree that if the Chicago, Rock Island & Pacific Railway Company is regarded as a resident of the city the petition was void; that otherwise it was valid. These facts, by which the question is to be determined, are also agreed to: The railway company is organized under the laws of Illinois and Iowa. Its chief offices are at Chicago, where its directors meet for the transaction of its business. It operates a line of railroad into and through Topeka, where it main-

tains extensive yards, a round house, depot and ticket office, and "its general offices for the state of Kansas." Its general manager for the division including all of this state resides and has his office there. It has complied with the terms of a statute (Gen. Stat. 1909, § 7013) which provides that any foreign railroad company complying therewith shall possess "all the rights, powers, privileges and franchises conferred by the laws of this state upon a railroad corporation of this state."

In virtue of its compliance with the statute referred to the Rock Island railway company is a quasi-domestic corporation, and is entitled to the same treatment as though it had been chartered by this state. (*The State v. Railroad Co.,* 81 Kan. 404, 105 Pac. 685.) If a Kansas railroad corporation which conducted its business in the manner stated would be regarded as a resident of Topeka for the purposes of the statute under consideration, this company should be so considered. The statement has often been made that a railroad company should be deemed to reside wherever it operates its road or exercises corporate franchises. (*The State v. Bogardus,* 63 Kan. 259, 65 Pac. 321, and cases there cited; *Bogue v. Chicago, B. & Q. R. Co.,* 193 Fed. 728; Note, 33 Am. Dec. 400; *Tobin v. Railroad Co.,* 47 S. C. 387, 25 S. E. 283, 58 Am. St. Rep. 890, and note.) That rule serves a practical purpose in a certain class of cases, but it is not of universal application. In a sense a corporation has no residence. (2 Morawetz on Private Corporations, 2d ed., § 958, note 2.) "Strictly speaking, a corporation can have no local residence or habitation." (*Glaize v. So. Ca. R. R. Company,* [S. C.] 1 Strob. 70, 72.) "A corporation is a mere ideal existence, subsisting only in contemplation of law; an invisible being which can have, in fact, no locality and can occupy no space; and therefore can not have a dwelling-place." (*Wood v. The Hartford Fire Insurance Company,* 13 Conn. 202, 209.) Residence is an attribute of a natural person,

Kimmerle v. City of Topeka.

and can be predicated of an artificial being only by a more or less imperfect analogy. Whether a corporation is to be considered a resident of a particular place. by virtue of its doing business there, depends entirely upon the connection in which the question arises. Where the problem is one of statutory construction it must be solved in the light of the purposes of the act. (1 Elliott on Railroads, 2d ed., § 24.) Before a highway is established through a tract of land the statute requires notice to be given to the owner, if he is a resident of the county, or has a resident agent. (Gen. Stat. 1909, §7277, replaced by Laws 1911, ch. 248, § 5.) The basis of distinction between resident and nonresident owners in that case is obviously convenience and practicablity. If an owner is within convenient reach, or has an agent at hand, he is given actual notice; otherwise a publication is sufficient. The same person may be entitled to direct notice in any number of different counties—in any county where he has an agent. A railroad corporation which operates within a county and maintains a local agent there is within the spirit and reason of this rule, and so is treated as within its letter, and regarded as a resident for the purposes of that statute. (*The State v. Bogardus*, 63 Kan. 259, 65 Pac. 251.) On the other hand, the statute which provides that in certain circumstances justices of the peace shall have no jurisdiction of cases against residents of a particular city is based upon a different principle. The exemption from being called upon to answer in a justice court can be claimed by a natural person in but one place—the city of his residence. When a corporation invokes the benefit of that statute it is subject to the same rule. And of that situation it was said: "It is as impossible for a corporation to have two or more residences at the same time in the same state as it is for an individual." (*Robinson v. Railway Co.*, 67 Kan. 278, 281, 72 Pac. 854.)

The statute now under consideration is especially

one in which residence must be regarded as attaching to a single locality and to no other. The question of policy as to whether a particular street shall be paved is left to the determination of those of the abutting owners who are connected with the city by a peculiar tie. It matters not how closely his material interests may be identified with those of the city, how much he may own, how much business he may do, or how much time he may spend therein. He has no voice in the matter unless his home is there—the place of his permanent domicile, to which while absent he has at all times a purpose to return. If residence in this sense may be attributed to a corporation at all it can not result from the doing of business in the city, and it can not be applied to more than one locality.

Wherever a corporation may be regarded as having a residence at a particular place, and the situation is such that it can be regarded as having but one, that place must be "that in which it has its headquarters, or such offices as answer in the case of a corporation to the dwelling of an individual." (*Galveston &c. Railway v. Gonzales*, 151 U. S. 496, 504.)

"In the case of a corporation the question of inhabitancy must be determined, not by the residence of any particular officer, but by the principal offices of the corporation, where its books are kept and its *corporate* business is transacted, even though it may transact its most important business in another place. . . . There are doubtless reasons of convenience for saying that a corporation should be considered an inhabitant of every district in which it does business, and so the statutes of the several states generally provide; but the law contemplates that every person or corporation shall have but one domicile, and in the case of the latter, it shall be in that State by whose laws it was created, and in that district where its general offices are located." (*Galveston &c. Railway v. Gonzales*, 151 U. S. 496, 504, 506.)

(See, also, 1 Thompson on Corporations, 2d ed., §§ 490, 493.)

The State, *ex rel.*, v. City of Wichita.

Where the same association of individuals has procured in the same name and for the same purpose a corporate charter from each of' two states, some refinement of reasoning has been exhibited in determining whether theoretically the result was one corporation or two.   (1 Thompson on Corporations, 2d ed., § 505.; 10 Cyc. 170.)   But there is no room for the contention that the Rock Island Railway Company has a separate existence in Kansas.   As a foreign corporation it has been granted certain privileges here, and for certain purposes has been placed on the same basis as a domestic company.   The organization in Kansas, however, is but a part of that under which the road is operated as a whole.  The corporation is a unit, and under the authorities cited has no residence outside of Chicago for the purposes of such statutes as that under consideration.

The judgment is reversed and the cause remanded with directions to deny the injunction.