STATE ex rel. Charles BOWDEN, Relator,

v.

Honorable Richard C. JENSEN, Respondent.

No. 49140.

Supreme Court of Missouri,

En Banc.

Aug. 6, 1962.

---

Albert J. Yonke, Kansas City, for relator.

Joseph B. Bott, Kansas City, for respondent.

DALTON, Judge.

This is an original proceeding in mandamus to require respondent, Judge of Division 13 of the Circuit Court of Jackson County, Missouri, at Independence, to retain jurisdiction of a particular defendant in a particular personal injury damage suit pending before him in said Circuit Court of Jackson County. The mandamus proceeding in this court was instituted by relator Charles Bowden, plaintiff in said pending personal injury action, who now seeks to require respondent to retain jurisdiction of the person of defendant Marvin Unnerstall, one of the defendants in the action pending before respondent. Respondent has sustained defendant Unnerstall's motion to quash service and to dismiss because of improper venue as to said defendant.

Respondent does not question the facts stated in relator's brief filed in this court to the effect that relator Charles Bowden is a resident of Boone County, Missouri, and filed the particular personal injury lawsuit in the Circuit Court of Jackson County, Missouri, against Marvin Unnerstall, a resident of Franklin County, d/b/a Sparky's Service Station and the D-X Sunray Oil Company, a corporation, for personal injuries sustained by relator on or about February 9, 1960, at a service station operated by defendant Unnerstall in Franklin County, Missouri, but owned and under the control of D-X Sunray Oil Company (hereinafter referred to as D-X), a Delaware corporation, whose registered agent in Missouri is and was the C. T. Corporation System, located at 314 N. Broadway in the City of St. Louis, Missouri. D-X also had an office for the conduct of its general and ordinary business in Jackson County, but had no such office in the City of St. Louis.

Service of process was obtained on defendant D-X at its general business office in Kansas City and personal service was, thereafter, obtained on defendant Unnerstall in Franklin County, where he resides. Thereafter, defendant Unnerstall, appearing specially for the purpose of his motion, filed a motion to quash the service of process upon him and to dismiss the action against him because of improper venue. Respondent sustained that motion, as stated. D-X filed a motion to dismiss for failure to state a claim on which relief could be granted or, in the alternative, for a more definite statement, which motion was sustained in part; and plaintiff was given twenty days to plead. The controversy here concerns the question of jurisdiction of the Circuit Court of Jackson County over the person of defendant Marvin Unnerstall and a deter-

mination of that question involves a construction of the venue statutes of this state.

Relator relies particularly on Secs. 508.-010(2) and 508.040 RSMo 1959, V.A.M.S. and State ex rel. Stamm v. Mayfield, Mo. Sup., 340 S.W.2d 631, while respondent relies upon Secs. 508.010(2) and 351.375 RSMo 1959, V.A.M.S. and State ex rel. Whiteman v. James, 364 Mo. 589, 265 S.W. 2d 298.

Before considering the primary issue presented a second point raised by relator must be disposed of. Relator contends that "venue statutes confer a personal privilege and that only the party entitled to complain of lack of venue may do so." Robinson v. Field, 342 Mo. 778, 117 S.W.2d 308, 318. However, relator then proceeds to argue that because defendant D-X did not attack the jurisdiction of the Circuit Court of Jackson County, but entered its general appearance for all purposes, filed its motion to make more definite and certain, waived any question of venue and submitted itself to the jurisdiction of the Circuit Court of Jackson County, the defendant Unnerstall may not now attack the jurisdiction of the court "as to himself on the ground that venue is not proper as to D-X (when the venue question has been waived by that defendant)."

We do not agree that defendant Unnerstall has attacked the jurisdiction of the court over his person on the ground that venue is not proper as to his codefendant D-X, but rather he is attacking the jurisdiction of the court on the ground that venue is improper as to him, since he is joined with another defendant and, when so joined, venue is improper as to each defendant, because in such case the statute provides that "When there are several defendants, and they reside in different counties, the suit may be brought in any such county." Sec. 508.010(2) RSMo 1959, V.A. M.S. And the question here is whether defendant D-X *resides* in Jackson County within the meaning of said provision, so that the court has obtained jurisdiction of

defendant Unnerstall, there being no question as to where defendant Unnerstall resides. In such situation any waiver of improper venue by D-X is not controlling or binding in any manner on defendant Unnerstall, nor is it material that D-X has not questioned the court's jurisdiction. Proper venue is necessary before service of process will confer jurisdiction over the person of a defendant who presents the issue. State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W.2d 393, 395.

Relator insists that "the residence for venue purposes of a foreign corporation, when joined as a defendant with an individual, is governed by the provisions of Sec. 508.040 RSMo 1959 [V.A.M.S.]." That section, in part, provides that: "Suits against corporations shall be commenced either in the county where the cause of action accrued, * * * or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." That section would clearly apply if this action were against the defendant corporation alone, but, as indicated above, Sec. 508.010 RSMo 1959, V.A.M.S. provides that: "Suits instituted by summons shall, except as otherwise provided by law, be brought: * * * (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county; * * *." See State ex rel. Whiteman v. James, supra, 265 S.W.2d 298, 299 [1]. It is apparent that relator "bases his right to mandamus on the proposition that it appears as a matter of law that venue should be in Jackson County, because D-X Sunray Oil Company maintains an office for the transaction of its usual and customary business in Jackson County and that service was obtained on D-X at said location." Relator further insists that in the case of State ex rel. Stamm v. Mayfield, supra, "this court considered an identical factual situation with the exception that the foreign corporation involved (in that case) was an insurance company." Relator further says that in the Stamm case, supra,

"the court disapproved of State ex rel. Whiteman v. James, [364 Mo. 589] 265 S.W.2d 298, insofar as it related to foreign corporations," in that it held "that Sec. 351.625 RSMo 1959 did not incorporate the last sentence of Sec. 351.375", and that the former Sec. 351.625 "incorporated only that part of Sec. 351.375 that directed the 'manner' of changing the registered office or agent and did not incorporate the last sentence of Section 351.375 which had nothing to do with the mechanics of a change but attempted to establish the residence of a corporation." Relator then insists that "since there is no specific statute locating the residence of a foreign corporation, Section 508.040, R.S.Mo.1949, [V.A.M.S.] would govern the county in which such a corporation could be sued" and that said section provides for service "in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." Relator concedes that the "pivotal issue is: When [sic] does a foreign corporation 'reside' for the purpose of bringing a lawsuit against it together with an individual? Is its county of residence where its registered office is located or does it 'reside' for this purpose wherever it does business?" Relator insists that in view of the opinion in the Stamm case and an analysis of the various applicable statutes, including Secs. 351.375, 351.620, 351.625, 351.630, 508.010(2) and Sec. 508.040 RSMo 1959, V.A.M.S., the venue in Jackson County is proper as to both defendants named in relator's pending action in the Circuit Court of Jackson County; and that the alternative writ of mandamus should be made peremptory.

State ex rel. Stamm v. Mayfield, supra, was a mandamus proceeding, wherein this court said: "The question involved is whether an action may be maintained against a *foreign insurance company* and its employee, or either of them, in the county where the insurance company maintains its principal office when the insurance company has not filed with the secretary of state a designation of a registered office and registered agent, and the codefendant employee resides in a county other than that in which the suit is brought." (Italics ours.)

Relator Stamm had sued one Moore, and The Equitable Life Assurance Society of the United States jointly in the Circuit Court of the City of St. Louis, to recover damages arising out of an automobile collision which occurred in the City of St. Louis, where plaintiff Stamm lived. The insurance company, a New York corporation, maintained its divisional office in the City of St. Louis for the transaction of its business in said city and in the State of Missouri and in twelve other states. Summons was first served upon the insurance company by the Sheriff of St. Louis, but subsequently the company was summoned by the service of process upon the Superintendent of Insurance in Cole County. The defendant Moore, alleged to be an employee and servant of the insurance company, was served with summons in the County of St. Louis, his place of residence. The defendant insurance company had not designated a registered office or a registered agent in Missouri pursuant to Secs. 351.620 or 351.370 RSMo 1949, V.A.M.S. Each defendant in the said pending damage suit appeared specially and filed separate motions to quash the summons and return of service. The motions were heard and sustained by the respondent Judge.

In determining the issues presented in that case this court held that the General and Business Corporation Act of Missouri (Laws 1943, p. 410) did not apply to *insurance* companies. The court further said: "Sections 351.370, 351.375 and 351.380 of the Act govern domestic corporations in this regard, and §§ 351.620, 351.625 and 351.630 apply to foreign corporations. But insurance companies are not within the purview of these statutes because they are among the corporations specifically excepted by these provisions of § 351.690: * * *." The court also pointed out that the title of the mentioned Act stated that insurance companies were among the corporations

excepted from the provisions of the mentioned Act. Laws 1943, p. 410.

The respondent Judge in the case of State ex rel. Stamm v. Mayfield, supra, had based his action in sustaining the motions of defendants to quash service and dismiss upon this court's opinion in State ex rel. Whiteman v. James, supra. In undertaking to distinguish that case, the writer of the opinion in State ex rel. Stamm v. Mayfield, supra, correctly reviewed the facts and holding in the Whiteman case, as follows:

"State ex rel. Whiteman v. James, 364 Mo. 589, 265 S.W.2d 298, 300, involved a casualty which occurred in Holt County. The plaintiff was a resident of Jackson County. The corporate defendant was a foreign corporation engaged in the baking business and licensed to do business in Missouri with its registered office and agent in the City of St. Louis, but it also maintained an office and transacted business in Jackson County. The individual defendant, alleged to be an agent and servant of the corporate defendant, resided in Andrew County. The suit was filed in Jackson County against the corporate and individual defendants. The corporate defendant was served with summons at its place of business in Jackson County and also upon its registered agent at the registered office in the City of St. Louis. The individual defendant was served in Andrew County, the place of his residence. On motion by the defendants, the action was ordered abated for want of proper venue in Jackson County. This court en banc sustained the ruling of the circuit court and held that venue was one of the purposes within the purview of the last sentence of § 351.375 subd. 4, RSMo 1949, V.A.M.S., which provides that the 'location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained' and that the action joining both defendants could only be brought in the City of St. Louis, 'the legal residence' of the corporate defendant or in Andrew County where the individual defendant resided."

In the Whiteman case, this court had followed the reasoning in the case of State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W.2d 304, although the Whiteman case involved a *foreign* corporation licensed to do business in Missouri, while the corporation involved in the O'Keefe case was a *domestic* corporation.

In the Stamm case, counsel for respondents in oral argument had conceded that, if the decision in the Whiteman case did not apply, venue was properly in the Circuit Court of the City of St. Louis; hence the writer of the opinion in the Stamm case, having reached the conclusion that the Whiteman case was not controlling, proceeded to further discuss that case.

In the Stamm case the court further said:

"Since foreign *insurance* corporations are not required to designate a registered office and registered agent under the general corporation laws, the construction placed upon § 351.375 subd. 4 by State ex rel. Whiteman v. James, supra, has no application in the present case. There is at least one other cogent reason why State ex rel. Whiteman v. James is not decisive of this case.

"Section 351.375 applies to foreign corporations only to the extent that § 351.625 incorporates it by reference, and the last sentence of § 351.375 which was the basis of the James decision is not properly includable in the reference. * * *" (340 S.W.2d 631, 633.)

The court further said: "The last sentence of § 351.375 reads as follows: 'The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained.' Since this sentence has nothing to do with the *manner* of changing registered offices or agents, it cannot be said to be incorporated by reference into § 351.625 relating to foreign corporations." (340 S.W.2d 631, 634.)

The court also said: "State ex rel. Whiteman v. James, 364 Mo. 589, 265 S.W.2d 298, dealt with a foreign corporation but

not an *insurance* company. We have examined our files and the briefs in the James case and find that each party presented his case as if the last sentence of § 351.375 subd. 4 were applicable although the relator questioned its constitutionality while the respondent claimed its advantages for the foreign corporation. The contention that § 351.625 did not have the effect of incorporating by reference the last sentence of § 351.375 into the foreign corporation statutes was not presented. To the extent that it holds that the last sentence of § 351.375 is applicable to foreign corporations, State ex rel. Whiteman v. James is disapproved. Because the corporation involved in the present case is both an *insurance company* and a *foreign corporation*, the James case is not controlling." (Italics ours.) (340 S.W.2d 631, 634.)

It will be noted that these several statutory provisions of the General and Business Corporation Act, considered and construed in the foregoing portion of said opinion, admittedly, had no application whatsoever to a *foreign insurance company*, or to the particular foreign insurance company involved, or to the facts of the case before the court for decision; hence the conclusions stated, while helpful in distinguishing the Whiteman case from the issue presented in the Stamm case, and while perhaps helpful in supporting the essential conclusion many times stated in the opinion, to wit: that the Whiteman case was not controlling under the facts in the Stamm case, nevertheless the conclusions reached as to the mentioned sections and the construction indicated were unnecessary to the disposition of the case before the court and hence they constituted mere obiter.

Analyzing the opinion in the Stamm case as carefully as we are able, and excluding therefrom the review of the facts in the Whiteman case, the review of the provisions of the General and Business Corporation Act, the discussion by which the Whiteman case was distinguished from the facts in the Stamm case and excluding the mentioned holdings unnecessary to a deci-

sion, we reach the conclusion that the Stamm case was clearly decided by this court upon the basis of certain admissions of counsel and the *agreed statement of facts and the stipulations filed*, from all of which the court clearly reached the conclusion that the mentioned *foreign insurance company* involved in that case, which had no registered office or registered agent in Missouri under any statute, *resided* in the City of St. Louis within the meaning of the provisions of Sec. 508.010, subd. (2), and hence the venue was proper and the Circuit Court of the City of St. Louis had jurisdiction not only of the said foreign insurance company, but also of the individual defendant who resided in St. Louis County. Hence, this court held that the respondent had erred in sustaining the motions and quashing the summons and service of process as to each defendant in the said case lately pending before him and our alternative writ was, accordingly, made peremptory.

The Stamm case is not controlling here, because the facts stipulated and the relationship of the parties in that case are not the same as in the case now before this court. The question of proper venue in the Stamm case turned, as stated, upon the facts stipulated in the mandamus proceeding, wherein it was agreed that the action was instituted in the City of St. Louis against a foreign *insurance* corporation which had not designated either a registered office or registered agent in the State of Missouri, but maintained a *divisional office* in the City of St. Louis for the transaction of its usual and customary business in said city, and also in the State of Missouri and in twelve other states. It was further admitted by counsel for respondent that if the Whiteman case did not apply, the venue of the mentioned case was properly in the City of St. Louis. The effect of the Stamm decision, as we view it, was to hold that the said *foreign insurance corporation*, under the particular facts, *resided* in the City of St. Louis within the meaning of Sec. 508.-010, subd. (2), and that, therefore, the ven-

ue of the case was proper, and the trial court had jurisdiction of both parties, although the individual defendant resided outside of the City of St. Louis.

The ultimate decision in the Whiteman case was not overruled by the decision in the Stamm case and the criticism of the Whiteman case, whether proper or improper, is not decisive of the issues in the case now before us for decision. On the other hand, the facts and issues in the Whiteman case directly conform to the facts and issues in the present case and respondent insists the decision in the Whiteman case controls.

In this case, as in the Stamm case, we are confronted with the construction and application of Sec. 508.010, subd. 2 RSMo 1959, V.A.M.S., but as applied to a totally different state of facts. The question presented here is, where does a foreign business corporation (that has complied with Sec. 351.620 RSMo 1959, V.A.M.S., and maintains a registered office and registered agent at a specific location in this State of Missouri) "reside" for the purpose of determining venue under Sec. 508.010, subd. 2, in an action instituted against it and one or more individuals, and where the suit is not instituted in a county where one or more of the individual defendants reside? As far as domestic corporations organized under the general business laws of Missouri are concerned that issue is settled by the closing sentence of Sec. 351.375 RSMo 1959, V.A.M.S., as follows: "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained."

As stated, relator Charles Bowden did not institute this action in Franklin County where the individual defendant Unnerstall resided, nor in the City of St. Louis where D-X, a foreign business corporation, maintained a registered office and registered agent as required by Sec. 351.620 RSMo 1959, V.A.M.S. Instead, he instituted the action in Jackson County where D-X maintained an office and agent for the transaction of its usual and customary business. The corporation did not object to being sued in Jackson County. Only the individual has raised the issue of improper venue and *only the rights of the individual defendant* are involved in this case.

Webster's New International Dictionary (second edition, unabridged) defines the word "reside" as meaning "To settle oneself or a thing in a place; to be stationed; to remain or stay; to dwell permanently or continuously; to have a settled abode for a time; to have one's residence or domicile; specif., to be in residence, as the incumbent of a benefice. To have an abiding place; to be present as an element; to inhere as a quality; to be vested as a right."

While, of course, a corporation cannot have a residence in the sense that a natural person does, yet it may have a definite, fixed and certain location where its legal representatives may be found. In 13 Am.Jur. 281, Sec. 147, it is said: "Residence is an attribute of a natural person, and can be predicated of an artificial being only by a more or less imperfect analogy. Strictly speaking, a corporation can have no local residence or habitation. It has been said that a corporation is a mere ideal existence, subsisting only in contemplation of law—an invisible being which can have, in fact, no locality and can occupy no space, and therefore cannot have a dwelling place. However, the sovereignty creating the corporation may give to it a local habitation or residence in law, if not in fact."

When a foreign business corporation wishes to do business in this state it must comply with Sec. 351.620 RSMo 1959, V.A.M.S. and it seems to us that the very purpose of that section is to give the foreign business corporation a fixed, definite and certain location where a representative of the corporation may be found. In effect, compliance with the statute gives the corporation what in law amounts to a definite and fixed residence in this state. Only *one* such residence is required.

In the case of Kimmerle v. City of Topeka, 88 Kan. 370, 128 P. 367, 368, 43 L.R.A.,N.S., 272, the court said: "The statute now under consideration is especially one in which residence must be regarded as attaching to a singe locality, and to no other. * * * If residence, in this sense, may be attributed to a corporation at all, it cannot result from the doing of business in the city; and it cannot be applied to more than one locality.

"Wherever a corporation may be regarded as having a residence at a particular place, and the situation is such that it can be regarded as having but one, that place must be 'that in which it has its headquarters, or such offices as answer, in the case of a corporation, to the dwelling of an individual.' Galveston, etc., Railway v. Gonzales, 151 U.S. 496, 504, 14 Sup.Ct. 401, 404, (38 L.Ed. 248)."

It is true that Sec. 508.040, supra, expressly provides that: "Suits against corporations shall be commenced either in the county where the cause of action accrued, * * * or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." But that section applies to suits instituted against the corporation alone, while Sec. 508.010, subd. (2), supra, specifically applies *when the legal rights of others are involved* and they are joined as defendants with the corporate defendant. State ex rel. Whiteman v. James, supra, and cases there cited.

The theory that Sec. 351.620 was intended to give foreign business corporations a specific, definite and certain residence in this state, and that Sec. 508.010, subd. (2) should be construed with it, conforms to good business practice and the proper protection of the rights of individual defendants who may be joined with corporate defendants. Such a construction makes for definiteness and certainty and an individual defendant when so joined may immediately and definitely determine whether the venue of the action is proper

or improper as to him. It may not make any difference to such a foreign business corporation in what county the plaintiff may file his action, but, on the other hand, it may be vitally important to the particular individual defendant the plaintiff seeks to join as an additional defendant in the action.

To illustrate the point, if we assume that "X", a foreign business corporation, authorized to do business in Missouri, had or usually kept an office or agent for the transaction of its usual and customary business in every county in the State of Missouri and that a plaintiff could institute an action *against it alone* in any such county (Sec. 508.040) the defendant corporation would have the facts within the personal knowledge of its officers or employees as to whether or not the venue of the action was proper as to it, but if we assume that the "X" corporation has a registered office and registered agent in the City of St. Louis, and plaintiff "Z" brings a suit against the "X" corporation in Pemiscot County and joins as an additional defendant one "Y", a resident of Holt County, how would defendant "Y" go about determining whether the venue of the suit in Pemiscot County was or was not proper as to him? If we were to hold that the foreign corporation "X" "resided" in every county in the state in which it had an office or agent for the transaction of its usual and customary business, then defendant "Y" would promptly be faced with an uncertain issue of fact, as to whether the "X" corporation was doing business as usual and customary in that county. Defendant "Y" would have to determine an issue of fact, or have the court determine it, before he would know whether the venue of the suit was proper as to him, and whether the circuit court of that county had acquired jurisdiction of him.

█ We think the only legally sound, practical and satisfactory construction to be placed upon Sec. 508.010, subd. 2 when considered together with Sec. 351.625 is to

hold, as we must and do, that a foreign business corporation "resides" in the county where its registered office and registered agent is located under Sec. 351.620. This conclusion is supported by the decision reached in the case of State ex rel. Whiteman v. James, supra, which has not been overruled, and it is consistent with the statute applicable to *domestic* corporations, Sec. 351.375, including the closing sentence thereof, and is also consistent with the conclusion reached by this court in State ex rel. O'Keefe v. Brown, supra, construing Sec. 351.375.

■ The Circuit Court of Jackson County obtained no jurisdiction of the person of defendant Unnerstall, since the venue of the action was improper as to him. Our alternative writ of mandamus was improvidently issued and it should be quashed.

It is so ordered.

WESTHUES, C. J., and EAGER, LEEDY and HOLLINGSWORTH, JJ., concur.

STORCKMAN, J., dissents in separate opinion.

HYDE, J., *dissents and concurs in sep-arate dissenting opinion of STORCKMAN, J.*

STORCKMAN, Judge (dissenting).

I readily agree, as stated in the majority opinion, that State ex rel. Stamm v. Mayfield, Mo., 340 S.W.2d 631, is not controlling on the facts of this case. Stamm involved a foreign insurance company which was specifically exempted from the provisions of Chapter 351, RSMo 1959, V.A.M.S. What was said in the Stamm case regarding the application and construction of § 351.375, subd. 4 and related sections was not necessary to the decision, but the question is now squarely before the court.

I am unable to convince myself that State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W.2d 304, State ex rel. Whiteman v. James, 364 Mo. 589, 265 S.W.2d 298, and the majority opinion in this case correctly apply and construe § 351.375, subd. 4. Therefore, I am constrained to state as briefly as possible my views before lapsing into the silence becoming one who is compelled but not convinced.

As to the construction of the provision in question, I agree with the reasoning in the dissenting opinion of Judge Hyde, concurred in by Judge Ellison, in State ex rel. Whiteman v. James, 265 S.W.2d loc. cit. 301, and its conclusion that § 351.375, subd. 4 "only adds another office (the registered office) to those where service can be made and venue established."

First the problems relating to the application of subd. 4 of § 351.375 to various kinds of corporations should be noted briefly. By express provision, domestic and foreign corporations are treated separately in Chapter 351. Section 351.015(1) provides that the term "corporation" as used in the chapter does not apply to foreign corporations unless the context so requires. Section 351.375 applies to domestic corporations but does not by its terms include foreign corporations. The O'Keefe case involved a Missouri corporation but there was no showing that it had an office in Dade County where it was sued or that there was any attempt to serve it as a resident of that county. The ground of venue, under a special statute relating to motor carriers, was that the corporation operated in the county. This is comparable to the right to sue a corporation in the county where the cause of action accrued under § 508.040. Such provisions apply to suits against the corporation alone but are not sufficient to justify bringing in nonresident defendants under § 508.010(2). State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W.2d 561, 565[7]; Helfer v. Hamburg Quarry Co., 208 Mo.App. 58, 233 S.W. 275, 277[1]; State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W.2d 393, 395–396[3]. It was unnecessary in the O'Keefe case to decide the application and construction of § 351.375 because a conflict between that section and § 508.010(2), as interpreted in

State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W.2d 561, was not presented.

The Whiteman case involved a foreign corporation to which § 351.375 was not applicable unless made so by the cross-reference in § 351.625. This subject is treated in the Stamm case, 340 S.W.2d loc. cit. 633–634, and will not be repeated here.

This phase of the overall problem is mentioned to demonstrate the difficulty of applying the new provision within constitutional limitations. On the face of the statutes referred to, the new provision would apply to domestic corporations but not to foreign corporations or insurance companies, domestic or foreign, the latter being exempted from the coverage of these sections of the chapter. As to general and business corporations, however, acceptable uniformity might be attained under § 351.-575 which provides in substance that a foreign corporation shall enjoy the same, but no greater rights and privileges than a domestic corporation and shall be subject to the same duties and restrictions. The problems of applying the statute have not been discussed or decided by the cases.

The important thing, of course, is the interpretation of subd. 4 of § 351.375 and its effect upon § 508.010 and related statutes. Hence a reference to the status of the venue laws at the time the new provision was adopted may be helpful.

Prior to the enactment of § 351.375 in 1943, all questions of residence and venue involved in the present case had apparently been settled by State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W.2d 561, which was an original proceeding in prohibition to prevent the respondent judge from exercising jurisdiction in a personal injury case on the ground that the venue was improper as to the individual defendant joined with a corporate defendant. The case involved a construction of clause 2 of § 720, RSMo 1929, which was part of the general venue statute and read then as now: "When there are several defendants, and they reside in different counties, the suit may be brought in any such county."

See Section 508.010(2), RSMo 1959, V.A. M.S. The court posed the question for decision as follows, 131 S.W.2d loc. cit. 562: "So the question is whether a foreign corporation licensed to do business in this state and having an office and place of business in some county is a *resident of that county* for the purposes of service under clause 2 of Sec. 720." Emphasis supplied.

After considering and discussing the cases and cognate statutes, the court held that a foreign corporation, for the purpose of service under the general venue statute, is a "resident" of any county in which it has an office and place of business, stating 131 S.W.2d loc. cit. 565[8]: "But all these decisions and the statutes cited show that *a licensed foreign corporation must have one or more residences in the state where it is open to service.* If that is so; and if under Sec. 723, supra, [now § 508.040]′ when foreign or domestic corporations are sued alone, the venue of actions against them is in 'any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business,' *we can see no reason why their residences should not be regarded as established in the same way when, perchance, they are joined as defendants with another,* thereby fixing the venue under Sec. 720 [now § 508.010]." Emphasis supplied.

State ex rel. Columbia National Bank of Kansas City v. Davis, 314 Mo. 373, 284 S.W. 464, cited and referred to in Henning as "an exhaustive banc decision" also held that § 508.010(2), then § 1177, applied to all defendants including corporations sued with natural persons or other corporations, and that corporations may have a residence the same as do natural persons. 284 S.W. loc. cit. 470[9, 10].

In view of these Missouri decisions involving the precise question of the residence of corporations under venue statutes here involved, the reliance of the majority opinion upon the Kansas case of Kimmerle v. City of Topeka, 88 Kan. 370, 128 P. 367,

seems unnecessary and likely to be misleading in this and future cases especially in view of quotations made from the opinion without relation to the facts. The Kimmerle case involved a statute which provided that city commissioners could not adopt a resolution to pave or improve a city street unless it had on file a petition "signed by the resident owners of not less than one-half of the feet fronting or abutting upon such street". The question involved was whether a nonresident railroad corporation was a "resident owner" within the meaning of the statute. Moreover, the case recognizes that whether a corporation is considered a resident of a particular place depends upon the connection in which the case arises and the purposes of the statute involved. If authorities from other states need to be consulted, we should first go to the decisions of Illinois since our corporation code follows rather closely the Illinois Business Corporation Act as it existed prior to 1943. 17 V.A.M.S., pp. 299–301. But primarily the provision in question should be construed in the light of Missouri statutes and Missouri decisions pertaining to venue and corporate residence.

The first part of § 351.375 deals with the manner in which a registered agent or the address of a registered office may be changed. The last sentence of subd. 4 of this statute is the provision with which we are here concerned; it reads as follows: "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." The O'Keefe and Whiteman cases seem to regard the provision as if it reads "for all purposes of venue", but it does not have that effect. At best, venue is only one of several purposes involved. Service of summons, taxation, and attachment might be among other purposes intended. The word "all" modifies "purposes" and not the various items involved. In the present case, the sentence should be considered as if it read: "The location or residence of any corporation shall be deemed *for the purpose of venue* to be in

the county where its registered office is maintained." The language of the provision standing alone falls short of precluding any other location or residence for the purpose of venue and service of summons.

The disjunctive "or" in the phrase "location or residence" indicates that the location and residence terms are used as alternatives and more or less interchangeably. So far as I can discover, the word "location" does not appear anywhere in the new corporation code adopted in 1943; but it does appear in the previous statutes. Section 5011, RSMo 1939, provides that among other things the articles of incorporation shall set forth the corporation's "permanent place of location". Section 5009 provides the manner in which a corporation may "change its location from the county in which it is located to some other county in the state." Thus "location" under previous statutes was in legal effect a place of corporate residence. Prior to the new code, a foreign corporation qualifying in this state was required to file a sworn statement setting forth among other things the principal office or agent in Missouri and the address where legal service may be obtained upon it by serving such agent and to maintain an office or place in the state where legal service may be obtained upon it. Sections 5074 and 5072, RSMo 1939.

These provisions, however, were not held to be preclusive of the other venue and service statutes then in force. On the contrary, it was held that a foreign corporation upon being licensed in Missouri becomes domesticated to an extent and "must have one or more residences in the state where it is open to service." State ex rel. Henning v. Williams, 345 Mo. 22, 131 S. W.2d 561, 564–565[5–9]. Under the new code, the registered office and the registered agent are substituted for the location and the principal office and agent previously provided. The new provisions are more clear cut and uniform, but I can find no intent to make a radical change in the venue laws.

Subdivision 4 of § 351.375 must be construed in connection with other venue statutes such as § 508.010(2) which provides that "when there are several defendants, and they reside in different counties, the suit may be brought in any such county." The applicable rules of construction are well known. Practically all of the rules that we need to consult are stated in State ex rel. Columbia National Bank of Kansas City v. Davis, 314 Mo. 373, 284 S.W. 464, 469. That case was also concerned with construing and correlating venue statutes. In general the rules stated in Columbia National Bank are: Statutes should not be construed so as to render another statute meaningless unless the legislative intent to do so is clearly expressed; acts relating to venue generally and to venue against corporations should be construed together as in pari materia though enacted at different times and as parts of different statutes; all acts relating to the same subject and having the same general purpose should be read together as constituting one law; apparently conflicting statutes should be harmonized and effect given to each so far as reasonably possible, and it will not be presumed that the general assembly intended to repeal an earlier statute or leave contradictory enactments on the statute books; and statutes should not be construed as enacting a scheme of venue in civil cases not covering all possible situations unless the plain language of each is susceptible to no other construction. These rules of construction are approved and applied generally. See 92 C.J.S. Venue § 5, p. 675.

Applying these and other applicable rules of construction, I can only conclude that the legislative intent was to make sure that another place of venue and service was designated or continued as it was under the prior law; it was not the legislative intent to destroy the effectiveness of clause 2 of § 508.010 as it had been interpreted and construed in the Henning case. This, I believe, is the purport of the dissenting opinion in State ex rel. Whiteman v. James

to which I refer for a more succinct and better presentation than I have made here.

Section 351.380 provides that the registered agent of a corporation "shall be *an* agent of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon a corporation *may* be served." Emphasis added. This does not say that the registered agent is exclusively the person upon whom the summons shall be served; in fact the section also provides that nothing therein contained shall limit or affect the right to serve process in any other manner permitted by law.

Under the view of the majority opinion, corporations, by a judicious choice of a registered office, will be given greater control over the place where they can be sued with other defendants, corporate or individual. Also under the majority view what would the situation be if the registered office is not maintained or the office of the registered agent becomes vacant for any reason as is contemplated by §§ 351.375 and 351.625? In such cases, the statutes provide the means to change registered offices and agents, but there is no provision for an alternate venue if the corporation neglects to do so, unless the venue provided by subd. 4 is in addition to the provisions of §§ 508.010 and 508.040.

It seems unlikely that the legislature intended to create greater disparity between insurance and business corporations in matters of venue. Yet this is what happens under the holding of the majority opinion since insurance companies are specifically exempted and hence liable to be sued as they were before. State ex rel. Stamm v. Mayfield, Mo., 340 S.W.2d 631. The result is that § 508.010(2) is amended by § 351.375(4) with respect to business corporations but not as to insurance companies. Further, the subdivision should be construed in the spirit of Art. III, §§ 40 and 41, of the Missouri Constitution, V.A. M.S., which provides that the general assembly shall not pass any local or special law changing the venue in civil or criminal

cases. For discussions of the possibilities of this, see State ex rel. Standard Fire Insurance Co. v. Gantt, 274 Mo. 490, 203 S. W. 964, 968[4], and 969, the concurring opinion.

I am convinced that there is nothing radically wrong with our venue statutes if they are properly construed. In their very nature, venue statutes cannot be uniformly convenient and satisfactory to all litigants. Hardship cases, although infrequent, invoke concern, but the remedy for these would be the right to transfer to a more convenient forum. The federal courts have the power under the doctrine of *forum non conveniens* to transfer cases to alleviate inconvenience. This could be done in Missouri but would require legislation which, if enacted, might also include authority to transfer to the proper county a case brought in the wrong jurisdiction. See State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62, 66[9]. This would save time, money and sometimes the cause of action.

For the reasons stated, I respectfully dissent.