The Honorable Kent Glasscock State Representative, Sixty-Second District 1921 Crescent Manhattan, Kansas 66502
Dear Representative Glasscock:
You request our opinion regarding the proper county of registration of vehicles owned by a corporation that maintains its corporate headquarters in Kansas.
K.S.A. 8-127(a) requires registration in this state of every motor vehicle intended to be used in this state, with limited exceptions for non-residents residing in states with which Kansas has a reciprocal agreement. See K.S.A. 8-138a. The rule for determining the county in which vehicles must be registered is set forth in K.S.A. 8-129. That statute provides in part:
 "(a) Applications for the registration of a vehicle required to be registered shall be made by the owner, by mail or otherwise in the office of the county treasurer of:
"(1) the county in which such owner resides; or
 "(2) the county in which the owner has a bona fide place of business, if such vehicle is garaged in such county for a period exceeding 90 days. Such place of business shall not be an office or facility established or maintained solely for the purpose of obtaining registration. . . . If the owner is not a resident of or does not have a bona fide place of business in this state, the owner may make application for registration in any county which the department shall designate. . . ."
Thus "K.S.A. 8-129 provides to persons required to register in this state a possible option as to the county in this state with which the person may register." Attorney General Opinion No. 92-50. The owner of a vehicle may register it in either the county in which the owner resides, if the owner resides in Kansas, or in the county in which the owner has a bona fide place of business in Kansas, but only if the subject vehicle is garaged in that county for a period exceeding 90 days. See 1989 Supplemental Note on House Bill No. 2531, as amended by House Committee on Taxation.
The term "owner," as used in K.S.A. 8-129, is defined in K.S.A. 1993 Supp. 8-126(n) generally as "a person who holds the legal the title of a vehicle." The term "person" is defined in K.S.A. 1993 Supp. 8-126(m) to include natural persons, firms, partnerships, associations and corporations. Thus a corporation may be an "owner" for purposes of K.S.A. 8-129. A corporation may therefore register vehicles it owns in either the corporation's county of residence, if there is one in Kansas, or in any county in which the corporation has a bona fide place of business in Kansas and in which the corporation garages the vehicles for more than 90 days.
The term "residence" is not defined in the vehicle registration act. However, K.S.A. 8-1,138 was enacted in 1990 to assist vehicle owners and local and state officials in determining the appropriate county of residence for registration purposes. K.S.A. 8-1,138 provides as follows:
 "(a) For purposes of article 1 of chapter 8 of the Kansas Statutes Annotated, a person shall be deemed to be a resident of a county in this state if:
 "(1) The person, including a student, is registered to vote in such county; or
 "(2) the person, partnership, company, firm, corporation or association maintains an office within such county to lease or rent motor vehicles, if such motor vehicles are operated within the state for a period exceeding 60 days.
 "(b) For purposes of article 1 of chapter 8 of the Kansas Statutes Annotated, there is a rebuttable presumption that a person is a resident of a county in this state if any of the following exist:
 "(1) The person, other than a student, owns, leases or rents a place of domicile within such county and remains in such county for a period exceeding 90 days, except for infrequent or brief absences;
 "(2) the person enrolls the person's child in a school district, all or any part of which is located in such county, unless out-of-state tuition is being charged for the attendance of the child at school in such school district;
 "(3) the person has a place of domicile in such county and has accepted employment or engages in any trade, profession or occupation within this state;
 "(4) any individual, partnership, company, firm, corporation or association maintains a main or branch office or warehouse facility within such county or bases and operates motor vehicles in such county, if such motor vehicles are garaged in such county for a period exceeding 90 days; or
 "(5) any individual, partnership, company, firm, corporation or association operates motor vehicles in intrastate haulage in this state, if such motor vehicles are garaged in such county for a period exceeding 90 days. . . ."
If the vehicle owner meets either of the criteria in subsection (a) of K.S.A. 8-1,138, that is the county where the vehicle must be registered if the owner is registering in the owner's county of "residence". If neither of those criteria apply, subsection (b) is used to assist in determining the county of "residence" for purposes of K.S.A. 8-129, if the residence provision or K.S.A. 8-129 is the option chosen by the owner.
K.S.A. 8-1,138(b)(1), (2) and (3) do not appear to apply to entities other than natural persons. In contrast to (b)(4) and (5), the first three provisions do not list partnerships, companies, firms, corporations or associations as entities to which those provisions might apply. Further, while the definition of "person" in K.S.A. 1993 Supp. 8-126(m) includes such entities, that definition does not apply to K.S.A. 8-1,138
because that statute was never made a part of or supplemental to the vehicle registration act. [K.S.A. 8-126 and 8-129 were adopted as a part of the original act, L. 1929, ch. 81; K.S.A. 8-1,138 was adopted in 1990, and while other sections of the bill in which it was enacted amend various provisions of the vehicle registration act, L. 1990, ch. 34, and while it is to be used to interpret the vehicle registration act, there is no language actually making it a part of that act. See Maryland Cas.Co. v. American Family Insurance Group, 199 Kan. 373, 378 (1967).] However, there is also no firm indication that the legislature intended to preclude entities other than natural persons from the application of subsection (b)(1)-(3). In fact the word "natural," which was used to modify the term "person" in the original bill introduced to establish criteria for residency for the vehicle registration act (1989 House Bill No. 2531), was omitted from the version that was introduced in 1990 by the special committee on judiciary (1990 House Bill No. 2598). Thus, arguably the legislature chose not to limit the use of subsection (a)(1)-(3) to only natural persons. Because K.S.A. 8-129 carries a criminal penalty for violation of its provisions (K.S.A. 8-149), it must be strictly construed against the state. See State, ex rel., v. AmericanSavings Stamp Co., 194 Kan. 297, 300-301 (1965). Under this rule of construction, ordinary words must be given their ordinary meanings. Id. The word "person" is defined to include properly formed business organizations when used in its legal sense. See The American Heritage Dictionary 925 (2d coll.ed. 1985). We therefore believe that the provisions of K.S.A. 8-1,138(b)(1)-(3) must be construed to apply to corporations and other legal entities and well as to natural persons.
The place of "domicile" for a corporation is the "[p]lace considered by law as center of corporate affairs and place where its functions are discharged." Blacks Law Dictionary 485 (6th ed. 1990). See also 18A Am.Jur.2d Corporations sec. 306 (1985); Kimmerle v. City of Topeka,88 Kan. 370, 374 (1912). Based on these definitions, we believe the Kansas county in which a Kansas corporation's headquarters are located and from which it conducts much of its business may be considered the corporation's domicile, and thus its residence, for purposes of K.S.A.8-129. This conclusion may not hold if the corporation's charter or certificate of reflects a different location as its principal place of business.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm